```
                            Header/Footer
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,   :
 4                                         11 CR 747

 5        -against-                    United States
     Courthouse
 6                           :         Brooklyn, New York
     BURTON DENNISON,
 7
              Defendant.
 8                           :         November 30, 2011
                                       10:00 o'clock a.m.
 9   - - - - - - - - - - - - - X

10                      TRANSCRIPT OF PLEA OF GUILTY
                     BEFORE THE HONORABLE JOHN GLEESON
11                     UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Plaintiff:      LORETTA LYNCH
                             United States Attorney
14                           BY:  KAREN K. ORENSTEIN
                             Assistant United States
15   Attorney
                             225 Cadman Plaza East
16                           Brooklyn, New York 11201

17   For the Defendant:      ERIC FRANZ, ESQ.

18

19

20
     Court Reporter:         Henry R. Shapiro
21                           225 Cadman Plaza East
                             Brooklyn, New York
22                           718-613-2509

23
     Proceedings recorded by mechanical stenography,
24   transcript produced by CAT.

25
```

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

Header/Footer

1          THE CLERK:  Criminal cause for pleading,

2  United States versus Burton Dennison.

3          Counsel, state your appearances.

4          MS. ORENSTEIN:  Karen Orenstein for the

5  government.

6          MR. FRANZ:  Eric Franz for the defendant.

7          THE COURT:  Good afternoon, Ms. Orenstein,

8  Mr. Franz, Mr. Dennison.

9          There are all kinds of paperwork up here from

10  which I infer a desire on your client's part to waive

11  indictment and plead guilty to a superceding

12  information--

13          MR. FRANZ:  Correct.

14          THE COURT:  -- pursuant to this plea agreement

15  that we marked Court Exhibit 1.

16          MR. FRANZ:  Correct, your Honor.

17          THE COURT:  I can't let you do that Mr.

18  Dennison unless I'm sure that you understand the rights

19  you would be giving up, and the punishment you could

20  face.

21          I'm going to go over all of those things with

22  you now.  If I say anything that you don't understand,

23  please tell me, all right?

24          THE DEFENDANT:  Yes.

25          THE COURT:  You will be placed under oath in

Header/Footer

1  a moment, which means that you have to tell the truth

2  otherwise you can be prosecuted for perjury.

3          Understood?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Could you swear Mr. Dennison.

6          (Sworn).

7          THE CLERK:  State your name.

8          THE DEFENDANT;  Burton Dennison.

9          THE COURT:  How old are you?

10         THE DEFENDANT:  43.

11         THE COURT:  How much education have you?

12         THE DEFENDANT:  12th grade.

13         THE COURT:  You finished 12th grade?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Have you been able to communicate

16  effectively with your lawyer?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Are you satisfied so far with the

19  representation that he has given you?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Is your mind clear right now?

22         THE DEFENDANT:  Yes.

23         THE COURT:  You understand why you are here

24  and what this proceeding is all about?

25         THE DEFENDANT:  Yes.

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

Header/Footer

1      THE COURT: Have you had any drugs,

2  medication or alcohol in the past 24 hours?

3      THE DEFENDANT: No.

4      THE COURT: Ever been treated by a

5  psychiatrist?

6      THE DEFENDANT: No.

7      THE COURT: Mr. Franz, any reason to doubt

8  your client's competence to plead guilty?

9      MR. FRANZ: No.

10      THE COURT: The charge in this superseding

11  information is a felony, which means unless you waive

12  your right to make the government go get an indictment,

13  you can't be required to plead guilty or not guilty.

14  You can't be required to even answer to it.

15      Do you understand what I'm talking about?

16      THE DEFENDANT: Yes, sir.

17      THE COURT: Unless you waive the right, Ms.

18  Orenstein would have to go, if she wanted you to be

19  charged with this drug conspiracy, I see in this

20  information, she would have to go in front of a grand

21  jury, which is a room full of anywhere from 16 to 23

22  people, drawn random from the community.

23      Do you understand what I said so far?

24      THE DEFENDANT: Yes, sir.

25      THE COURT: And Ms. Orenstein would have to

5

Header/Footer

1  present information, not evidence, sufficient to

2  persuade a majority, at least 12, not all, to believe

3  there is probable cause, and not proof beyond a

4  reasonable doubt, that the crime here was committed and

5  the crime in this information was committed and that

6  you committed it.

7          Understood?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Did you read the information?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Because of the features of the

12  process that I mentioned, it's rare that a grand jury

13  doesn't indict someone, prosecutors asks them to

14  indict. It's hard to blame them. It's unheard of. Once

15  in a while the prosecutor asks for an indictment and

16  the grand jury says, no.  For all I know you would be

17  one of those lucky people who the grand jury would

18  refuse to indict.

19         Understood?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Of course, you still won't be

22  completely out of the coop, as long as they got

23  approval they could present the case to another grand

24  jury, but still the point remains that the grand jury

25  might refuse to indict and the jury after that.

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

6

1        Understood?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Knowing all of this, is it still

4    your desire to waive your right to require the

5    government to go get an indictment?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  You rather just enter your plea

8    as to this information.

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  Has anybody pressuring you to

11   give up your right to grand jury indictment.

12           THE DEFENDANT:  No, sir.

13           THE COURT:  This is your own voluntarily

14   decision after speaking to your lawyer about your

15   option?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Apart from the promises made to

18   you in writing in this plea agreement, anybody make any

19   promises to you to get you to give up your right to a

20   grand jury indictment?

21           THE DEFENDANT:  No, sir.

22           THE COURT:  I find Mr. Dennison is acting

23   voluntarily and knowingly and no reason not to accept

24   his waiver, so I

25   do.

Header/Footer

1      The written waiver that is signed, all that

2  means Mr. Dennison, I'm accepting for filing this

3  superceding information signed by the U.S. Attorney as

4  though it were an indictment signed by a grand jury

5  foreperson.

6      You still have a right to plead not guilty to

7  it.  Do you understand?

8      THE DEFENDANT:  Yes.

9      THE COURT:  If you do that I would schedule a

10  speedy public trial to a jury.

11      Do you understand?

12      THE DEFENDANT:  Yes, sir.

13      THE COURT:  The purpose of the trial would

14  not be for you to prove that you didn't do this, you

15  wouldn't have to prove that, you wouldn't have to prove

16  your innocence, you wouldn't have to prove anything.

17      You would be presumed innocent and unless the

18  government overcame that presumption by proving you

19  guilty beyond a reasonable doubt, the presumption of

20  innocence alone would be enough to require the juror to

21  find you not guilty.

22      Understood?

23      THE DEFENDANT:  Yes, sir.

24      THE COURT:  And if you went to trial you

25  wouldn't go alone, you would be represented by Mr.

1  Franz, a very good lawyer.  The two of you would see

2  and hear the witnesses against you, because you would

3  be right here in open court when they testified.

4      You would be sitting at that table, the

5  witnesses would be sitting over here, probably have to

6  move your chair so that you could see them, but you

7  could see them.

8      Mr. Franz could cross them on your behalf, he

9  could object to the government's evidence, he could

10 offer evidence in defense of the charge.  He could

11 subpoena witnesses to force them to come to court to

12 testify in your defense.

13     If you went to trial you would have all of

14 those rights.

15     Do you understand?

16     THE DEFENDANT:  Yes, sir.

17     THE COURT:  You would also have the right to

18 testify if you wanted to and even more importantly a

19 right not to testify and a right to a jury that would

20 respect your right to remain silent.

21     By that I mean, if you went to trial I would

22 make sure from the moment that we began picking jurors

23 that they knew you had an absolute right to remain

24 silent, and a right not to have your silence held

25 against you in anyway or form.

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

Header/Footer

1    In fact, at the end of the trial I would even
2  mention to the jurors your decision not to testify when
3  they deliberate because you have this fundamental
4  bedrock right to remain silent.
5    Do you understand?
6    THE DEFENDANT:  Yes.
7    THE COURT:  If you plead guilty and I accept
8  your plea, you would be giving up all of that.  You
9  won't have a trial.  Giving up the larger right to a
10 trial obviously you would be giving up all the rights
11 that you would have during the trial, that I have gone
12 over with you.
13    I will just find you guilty of this
14 conspiracy charge based on your own words here today,
15 nothing else, and you wouldn't have a right to appeal
16 to a higher court from my finding that you are guilty
17 of this crime.
18    Understood?
19    THE DEFENDANT:  Yes, sir.
20    THE COURT:  Do you want to give up your right
21 to at that trial and all the rights that you would have
22 at trial by pleading guilty?
23    THE DEFENDANT:  Yes, sir.
24    THE COURT:  I will ask Ilene just to show you
25 briefly page 12 of your agreement because it looks like

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

Header/Footer

1    it bears your signature and I'm just going to ask you

2    to confirm whether that is your signature?

3               (Document shown to defendant.)

4               THE DEFENDANT:  Yes, sir.

5               THE COURT:  And did you read this agreement?

6               THE DEFENDANT:  Yes, sir.

7               THE COURT:  You had enough time to go over it

8    with your lawyer?

9               THE DEFENDANT:  Yes, sir.

10              THE COURT:  You feel the same way, Mr. Franz,

11   you had enough time?

12              MR. FRANZ:  Yes.

13              THE COURT:  The prison term that a violation

14   of the law you're going to plead guilty to violating

15   carries, could be as long as the rest of your life.

16              Understood?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  There is also a minimum term of

19   imprisonment subject to certain exceptions, but they

20   are not always present.  A minimum term of imprisonment

21   of ten years.

22              Understood?

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  There is a supervised release

25   term that has to be at least five years long, but could

Header/Footer

1   be longer.  In fact, it could be the rest of your life.

2          Understood?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Supervised release follows any

5   jail term you get in the case and what it means when

6   the jail term is over they let you out of jail, but the

7   case isn't over, you are under supervision, which is

8   why they call it supervised release.

9          There is a long list of things you are

10  required to do on supervised release, like report to a

11  probation officer, maybe get vocational training.

12  There is a large list of things that you can't do.  You

13  can't commit anymore crimes, big or little, state or

14  federal, use drugs. Those are just four examples that I

15  have given you of the many restrictions on your liberty

16  when you are on supervised release.

17         There is a lot more.  And if you violate any

18  of those restrictions and the government, or the

19  probation officer more accurately halls you back in

20  before me, on a violation, if it's proved, you could go

21  back to jail in this case for as long as three more

22  years without credit for the time that you have been

23  out on supervision.

24         Got all of on that?

25         THE DEFENDANT:  Yes.

Header/Footer

1          THE COURT:  Understand it all?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  You face a fine subject to your

4   ability to pay of up to ten million dollars.

5          Understood.

6          THE DEFENDANT;  yes, sir.

7          THE COURT:  You face a one hundred dollar

8   special assessment I have to impose no matter what.

9          Understood.

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  You have agreed to criminal

12  forfeiture -- this is an amount to be determined later?

13         MS. ORENSTEIN:  Yes.

14         THE COURT:  And it looks like you agreed to

15  the entry of a personal money judgment, is that right

16  Ms. Orenstein?

17         MS. ORENSTEIN:  An amount to be determined

18  later.

19         THE COURT:  Right.

20         In the form of a personal money judgment

21  against the defendant?

22         MS. ORENSTEIN:  Yes.

23         THE COURT:  Understand?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Now, do you have any questions

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

| | |
|---|---|
| | Header/Footer |

1  about the rights you to be giving up by pleading

2  guilty.

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Do you have any questions about

5  the punishment that you face if you would plead guilty.

6          THE DEFENDANT:  No, sir.

7          THE COURT:  How about your agreement, do you

8  have any questions about your plea agreement?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  You are well counseled and I'm

11  sure that you understand the charge. The record needs

12  to reflect that. If you went to trial on this charge

13  the government would have to prove the conspiracy

14  charged in this information beyond a reasonable doubt.

15  That is a conspiracy to distribute a kilo or more of

16  heroin, five kilos or more of cocaine, some marijuana.

17          They would have to prove that beyond a

18  reasonable doubt, then they would have to prove beyond

19  a reasonable doubt that you were a member of it knowing

20  the purpose of the conspiracy was to achieve the goals

21  of distributing those amounts of drugs and intending by

22  your actions to help the conspiracy accomplishing those

23  illegal goals.

24          Those are the things that the government

25  would have to prove beyond a reasonable doubt.

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

Header/Footer

1        Do you understand?

2        THE DEFENDANT:  Yes, sir.

3        THE COURT:  Do you have any questions about

4   the charge?

5        THE DEFENDANT:  No, sir.

6        THE COURT:  Are you ready to plead guilty?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  Mr. Franz, do you know of any

9   reason why your client should not plead guilty?

10        MR. FRANZ:  None, Judge.

11        THE COURT:  How do you plead to the charge,

12   Mr. Dennison, guilty or not guilty?

13        THE DEFENDANT:  Guilty.

14        THE COURT:  Are you making this plea

15   voluntarily.

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Being pressured by anybody to

18   plead guilty.

19        THE DEFENDANT:  No.

20        THE COURT:  Apart from the many promises made

21   to you in writing in this plea agreement, marked Court

22   Exhibit One, has anyone made any promises to you to get

23   you to plead guilty?

24        THE DEFENDANT:  No.

25        THE COURT:  Has anyone promised you what

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

1  sentence you will get in the case?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  Tell me briefly what you did that

4  makes you guilty?

5          THE DEFENDANT:  In 2008 I sold a kilo of

6  cocaine, one kilo of heroin and 45 kilos of marijuana.

7          THE COURT:  Did you do this on your own or as

8  part of an agreement with at least one other people?

9          THE DEFENDANT:  At least one other people.

10         MR. FRANZ:  From 2008 to 2011 when he was

11 arrested.

12         THE COURT:  Is that right?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Where was this, approximately?

15         THE DEFENDANT:  In New York.

16         THE COURT:  What borough?

17         THE DEFENDANT:  Brooklyn.

18         THE COURT:  I think that is sufficient.  Do

19 you agree, Ms. Orenstein?

20         MS. ORENSTEIN:  Yes, I do.

21         THE COURT:  I find the defendant is acting

22 knowingly and voluntarily, he understands the rights

23 that he is giving up by pleading guilty and the

24 consequences he faces if he pleads guilty.

25         I find there is factual basis for his plea.

HENRY R. SHAPIRO   OFFICAL COURT REPORTER

Header/Footer

1  I accept it.

2        What's our date for sentence?

3        THE CLERK:  March 23, 2012 at 3:00 p.m.

4        THE COURT:  What are the current bail

5  conditions?

6        MS. ORENSTEIN:  Released on 150 thousand

7  dollar bond co-signed by two suretors. The government

8  is amenable to continue bond.

9        THE COURT:  Do you seek continuation of the

10  release on bond?

11        MR. FRANZ:  I do, your Honor.

12        THE COURT:  Pending sentence.

13        Granted.

14        Anything else?

15        MR. FRANZ:  Nothing further.

16        MS. ORENSTEIN:  That date one more time,

17  March 23rd--

18        THE CLERK:  Yes. 3:00 p.m.

19        THE COURT:  Anything else today?

20        MS. ORENSTEIN:  No, your Honor.

21        THE COURT:  Thank you both.

22        MR. FRANZ:  Minor CJA related matter.

23        THE COURT:  On the record, it's nothing

24  related to the record. Does it need to be exparte if

25  it's related to this case?.

HENRY R. SHAPIRO    OFFICAL COURT REPORTER

Header/Footer

1          MR. FRANZ:  It's matter an assignment on

2   another matter for Mr. Dennison, that it's in his

3   interest that I take care of.

4          THE COURT:  Come up.

5          (Pause.).

6          THE COURT:  Just so you know, it had to do

7   with the permissible scope of Mr. Franz's work under

8   the Criminal Justice Act, as appointed attorney for his

9   client, a collateral proceeding that effects his

10  representation here.

11         Anything else today?

12         MR. FRANZ:  No.

13         MS. ORENSTEIN:  Thank you.

14         THE COURT:  Thank you.

15                    * * * * * * *

16

17

18

19

20

21

22

23

24

25

HENRY R. SHAPIRO    OFFICAL COURT REPORTER